IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN C. CHADWICK | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-17-101 |
| FRANK BISHOP, JR. and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

In response to Petitioner Steven Chadwick's self-represented Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, Respondents assert that the petition is time-barred and subject to dismissal. ECF 5. Chadwick has filed a Reply asserting that he was never provided with the State courts' decisions regarding his appeal or post-conviction; that there were post-conviction proceedings pending during the operative time-period; and that the merits of his Petition should be considered as it is timely filed. ECF 7. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

In light of the determination that a hearing is not warranted, Chadwick's Motion to Appoint Counsel (ECF 12) shall be denied. *See* Rule 8(c) of the Rules Governing § 2254 Cases (requiring appointment of counsel if an evidentiary hearing is warranted), *see also Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987) (no Sixth Amendment right to counsel to pursue petition for collateral review). For the reasons set forth below, the Petition shall be dismissed as untimely and a certificate of appealability shall not issue.

# BACKGROUND

On January 30, 2008, Chadwick pled guilty to first degree rape in the Circuit Court for Baltimore County, Maryland. ECF 5-3 at p. 1. The State's Attorney proffered the following agreed statement of facts during the plea proceeding:

> This rape occurred on September 13th of 2006 in the early morning hours just after midnight. It occurred in an apartment complex around 8608 Bramble Lane. The victim in this case, she had just turned 18 about a week prior to the 13th of September.
>
> Shortly after midnight on the 13th she had gotten off the bus and was walking to her home located in this apartment complex.
>
> This is a large complex with ma[n]y units and there are lots of public walkways in this complex.
>
> She made the mistake of cutting through a fence as a shortcut rather than walking around the entire apartment complex, cut from a hole in the fence. She was by herself. And she was approached by an older African-American male who ran up to her asking could he walk her home. She said no. He said his name was Steve. She started to get uncomfortable and walked away from him.
>
> All of a sudden he ran up to her, attacked her and ripped off some of her cloth[e]s and had forcible vaginal intercourse with her at knife point. She struggled to the best of her ability, that she believes she was able to punch him in the fact once or twice. But certainly her resistance was overcome by his force and the fact that he was – that he had a knife in her throat – around her throat.
>
> After the conclusion of the rape, she ran home where she lived with her grandmother and called 911.
>
> The police were called [to] the scene, immediately were able to locate the scene of the crime based upon a matted down eight-food-wide square matted down grassy area, and found the victim's flip-flops and, I believe, her purse and, importantly, a cell phone.
>
> That cell phone the detectives recovered and were able to get some subscriber information fro[m] the cell phone. It came back to an individual by the name of Steve Chadwick.
>
> They ran "Steve Chadwick" through MVA and he matched the description the victim was able to provide to a "T."

2

> She was able to describe clothing, specifically a blue and yellow windbreaker, blue and yellow baseball hat, jeans. And she said that the knife was a folding-lock blade knife. Some other items.
>
> Based upon all of this, the police obtained a search warrant for Defendant's house the next day. And there in fact they found the blue and yellow windbreaker and the blue and yellow baseball hat and a pair of jeans. The knife was still attached to the jeans by way of a belt clip.
>
> Base[d] upon that, the Defendant was arrested. His DNA was obtained through another search warrant and it was in fact analyzed by a DNA analyst from the Baltimore County crime lab where it came back to match the sperm taken, Judge, during the GBMC rape kit. The forensic profile was one in nine point two quintillion.

ECF 5-3 at pp. 1-2.

On February 2, 2008, Chadwick was sentenced to serve life with all but 40 years suspended, followed by a period of 5 years of probation with the requirement that he register with the Sex Offender Registry as a violent sexual offender. *Id.* at pp. 2-3.

On March 21, 2008, Chadwick filed a Motion to Modify Sentence which was denied on April 8, 2008. *Id.* at p. 3.

On November 16, 2009, Chadwick filed an Application for Leave to Appeal with the Maryland Court of Special Appeals. *Id.* The application was denied on March 22, 2010, with the mandate issuing on April 22, 2010. ECF 5-1. While his appeal was pending, Chadwick filed a Petition for Writ of Habeas Corpus in the Circuit Court for Baltimore County which was denied on January 7, 2010. ECF 5-3 at p. 3.

On August 25, 2010, Chadwick filed a Petition for Post-Conviction Relief with the Circuit Court for Baltimore County. ECF 5-2 at p. 1. In a decision dated April 22, 2011, the petition was denied. ECF 5-3 (Post-Conviction Court's Memorandum and Order). Chadwick's Application for Leave to Appeal the denial of post-conviction relief was summarily denied by the Maryland Court of Special Appeal on October 1, 2012, with the mandate issuing November 1, 2012. ECF

5-4 (unreported opinion) and ECF 5-1 (docket entries). Chadwick filed his Petition for Writ of Habeas Corpus in this Court on January 11, 2017. ECF 1.

Chadwick raises the following claims in his Petition: he was denied due process and a violation of Maryland Rule 4-407 requiring a "judge to issue an opinion on every issue raised or decision is remandable;" his arrest was not supported by probable cause because Chadwick did not fit the description provided by the victim; Chadwick was never identified by the victim; Chadwick was denied a preliminary hearing in violation of his Sixth and Fourteenth Amendment rights; his right to a speedy trial was violated; he was denied his right to know the outcome of DNA evidence prior to trial; the sentence imposed is illegal; the State violated a court order to send him to Patuxent for a mental health evaluation; and counsel provided ineffective assistance by failing to raise the procedural errors noted. ECF 1 at pp. 5-6.

## STANDARD OF REVIEW

A one-year statute of limitation period applies to Petitions for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. The one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

28 U.S.C. § 2244(d)(1). However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, Chadwick must establish that either some wrongful conduct by Respondents contributed to his delay in filing his Petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

## ANALYSIS

Chadwick's conviction was final for purposes of appeal on July 21, 2010, ninety days after the Court of Special Appeals' mandate dated April 22, 2010. *See* Sup. Ct. R. 13 (review of judgment by United States Supreme Court must be filed within 90 days of the date of judgment). Therefore, the one-year federal habeas limitation period began to run on July 21, 2010.

When Chadwick filed his petition for post-conviction relief on August 25, 2010, the one-year limitation period was tolled while the proceeding was pending and one month of the limitation period had already expired. The one-year period was no longer tolled as of November 1, 2012, the date the mandate was issued by the Court of Special Appeals after it summarily denied Chadwick's appeal. In order to be timely, Chadwick would have had to file his federal petition on

5

or before September 27, 2013.[1] Chadwick filed his petition on January 11, 2017. ECF 1. Thus, if Chadwick has not established a cognizable reason to excuse the almost four-year delay in filing his federal Petition, it is time-barred and the merits of his claims may not be reviewed by this Court.

In his Reply Chadwick states that his initial Petition for Writ of Habeas Corpus was actually filed on December 20, 2016, by this Court,[2] making the Response untimely and subject to dismissal for procedural reasons; he never received the post-conviction court's statement of reasons for denying relief, only the order denying relief; and his "last collateral filing is dated November 14, 2016 in the Court of Special Appeals." ECF 7 at p. 1. He further explains that the post-conviction court's statement of reasons filed with the Response is "totally bogus, because up until now, it did not exist." *Id.* at p. 3. He adds that if the transcript of his guilty plea proceedings are reviewed, it will reveal that the "information supplied by [the State's Attorney] does not exist and it is prosecutorial misconduct to supply such false information." *Id.* Chadwick also claims that the State never responded to any of his allegations of error in the Circuit Court or the Court of Special Appeals and claims he "has no idea where this sudden opinion came from as one of the subjects of the writ is no opinions have been ever given." *Id.*

---

[1] Thirty-five days had already run on the one year limitation period between the time Chadwick's direct appeal rights expired and the date he filed a petition for post-conviction relief. There remained a period of 330 days on the one-year limitation period when post-conviction proceedings were completed on November 1, 2012. November 1, 2012 plus 330 days is Friday, September 27, 2013. *See* https://www.timeanddate.com/date/duration.html (last visited April 24, 2018). Thus, Friday, September 27, 2013 is the last date on which Chadwick could have filed a timely Petition in this Court.

[2] In his supplemental pleading Chadwick references Civil Action No. RDB-16-4063, which was filed on December 20, 2016. *See Chadwick v. Warden*, Civil Action No. RDB-16-4063 (D. Md. 2016) at ECF 1. That case concerned Chadwick's claim that he was improperly removed from his prison job. *Id.* The Complaint was dismissed for failure to state a claim on February 23, 2017. *Id.* at ECF 7 & 8 (Memorandum Opinion and Order). Nothing about that civil rights Complaint was or could be construed as a Petition for Writ of Habeas Corpus and, even if it could be, it would still be an untimely Petition. Additionally, a federal habeas petition does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 175 (2001) (a federal habeas petition is not an application for State post-conviction or other collateral review within the meaning of §2244(d)(2) and therefore does not toll the limitation period while it is pending).

Chadwick's claim that he had other collateral proceedings pending that tolled the one-year limitation period is unsupported by the record. His Motions to Reconsider Sentence filed on September 20, 2016 and October 3, 2016, and his complaints pursuant to Maryland's Public Information Act filed on October 20 and 27, 2016, were filed approximately three years after the federal filing deadline had expired and therefore do not operate to toll the limitations period. *See* ECF 5-1 at p. 10 (docket entries). Further, requests pursuant to the Public Information Act do not qualify as collateral review proceedings as the focus of such a request is access to public records, not the validity of a conviction.

To the extent Chadwick's claim that he never received any of the State court's decisions is an attempt to allege that there was a State-created impediment to his ability to file a federal habeas petition, the claim fails. *See* 28 U.S.C. § 2244(d)(1)(B). Chadwick admits he received the post-conviction court's order denying relief and he filed a timely application for leave to appeal. An "impediment" that qualifies under the statutory provision is a factor that operates as an obstruction and is external to the petitioner's own conduct. *See Minter v. Beck*, 230 F.3d 663, 666-7 (4th Cir. 2000) (differentiating between futility and impediment). Whether Chadwick had in his possession the text of the State courts' decisions is immaterial to his *ability* to file a timely federal habeas petition. *See Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) ("we do not believe that the ordinary time that it takes to deliver the mail can be regarded as a 'circumstance[ ] external to [a] party's own conduct' within the contemplation of the equitable tolling doctrine."), citing *Sandvik v. United States*, 177 F.3d 1269 (11th Cir.1999) (refusing to toll statute where tardiness was due to lawyer's decision to send petition by the ordinary mails).

Lastly, Chadwick's bald assertions that the post-conviction court's statement of reasons for denying relief and the text of the evidentiary proffer by the State's Attorney did not exist prior to

the filing of the Response in this case do not amount to a basis for entitlement to equitable tolling of the limitations period. There is simply no discernible basis in fact for those assertions given the record before this Court. Furthermore, this Court is satisfied that this case does not present one of the rare instances where it would be unconscionable to enforce the limitation period against Chadwick in order to prevent a gross injustice. *See Harris*, 209 F.3d at 330. The untimely Petition shall be dismissed.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Chadwick has failed to satisfy the standard for a certificate of appealability and this Court declines to issue one. He may still request that the United States Court of Appeals for the Fourth Circuit to issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order dismissing the petition as untimely, denying the Motion to Appoint Counsel, and declining to issue a certificate of appealability follows.

**April 26, 2019**
Date

*Richard D. Bennett*
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

8